UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
WYATT BLACKBURN,                                           Case No. 24 cv 477

                  Plaintiff,                     **<u>COMPLAINT</u>**

       - against -

                                      **PLAINTIFF DEMANDS**
                                      **A TRIAL BY JURY**
56TH STREET RESTAURANT LLC dba LIPS, 227
EAST 56TH COMPANY LLC, EDWARD LAFAYE,
individually and in his official capacity, and MARK
ZSCHIESCHE, individually and in his official
capacity,

                  Defendants.
--------------------------------------------------------------------X

      WYATT BLACKBURN ("Plaintiff"), by and through his attorneys, DOLCE LAW PLLC,

against 56TH STREET RESTAURANT LLC dba LIPS and 227 EAST 56TH COMPANY LLC,

("RESTAURANT"), EDWARD LAFAYE ("LAFAYE"), individually and in his official capacity,

and MARK ZSCHIESCHE ("ZSCHIESCHE"), individually and in his official capacity,

(collectively, "Defendants") alleges upon knowledge as to himself and his own actions and upon

information and belief as to all other matters as follows:

<u>**NATURE OF THE CASE**</u>

1.    This is a civil action based upon Defendants' violations of Plaintiff's rights guaranteed to

him by: (i) the sex discrimination provisions of **<u>Title VII of the Civil Rights Act of 1964</u>**, as

amended ("Title VII"); (ii) the retaliation provisions of **Title VII**; (iii) the sex and sexual

orientation discrimination provisions of the **<u>New York State Human Rights Law</u>**, New York

State Executive Law, § 296 *et seq*. ("NYSHRL"); (iv) the retaliation provisions of the **<u>NYSHRL</u>**;

(v) the gender and sexual orientation discrimination provisions of the **<u>New York City Human</u>**

**<u>Rights Law</u>**, New York City Administrative Code § 8-107 *et seq*. ("NYCHRL"); (vi) the

retaliation provisions of the **NYCHRL**; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      As an employee of Defendants, Plaintiff was subjected to chronic and un-remediated sexual harassment by customers. Plaintiff complained about this to his supervisors to no avail. In fact, Defendant LAFAYE shrugged off Plaintiff's concerns about certain patrons because they had a number of social media followers. After Plaintiff complained about sexual harassment from a patron who went on to leave a negative review of the establishment, Plaintiff was summarily fired.

3.      Plaintiff seeks redress for the injuries he has suffered as a result of his employers' **discrimination and retaliation** solely on the basis of his sex/gender and sexual orientation.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

5.      The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

7.      Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

8.      Plaintiff received a Notice of Right to Sue from the EEOC, dated November 29, 2023, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

9.      This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

10.     At all relevant times herein, Plaintiff was and is a resident of the State of New York and a gay man. He is and was a "person" and an "employee" and entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

11.     At all relevant times herein, Defendant 56TH STREET RESTAURANT LLC dba LIPS is a New York limited liability company that operates a restaurant and entertainment venue located at 227 East 56th Street, New York, New York 10022 ("Lips").

12.     At all relevant times herein, Defendant 227 EAST 56TH COMPANY LLC is a New York limited liability company that operates Lips.

13.     At all relevant times herein, Defendant LAFAYE is a natural person residing in the State of New York and a co-owner of RESTAURANT. In his role as co-owner, Defendant LAFAYE directly supervised certain employees, including Plaintiff. Additionally, Defendant LAFAYE had the authority to affect the terms and conditions of Plaintiff's employment.

14.     At all relevant times herein, Defendant ZSCHIESCHE is a natural person residing in the State of New York and a co-owner of RESTAURANT. In his role as co-owner, Defendant ZSCHIESCHE directly supervised certain employees, including Plaintiff. Additionally, Defendant ZSCHIESCHE had the authority to affect the terms and conditions of Plaintiff's employment.

15.     At all relevant times herein, RESTAURANT is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL. Defendants LAFAYE and ZSCHIESCHE are each an "employer" and "person" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

16.     Defendants initially hired Plaintiff as an Assistant Manager at Lips earning $25 per hour in November 2021.

17.     In January of 2022, in order to earn more overall income, Plaintiff chose to change roles at Lips to those of Door Host, Server, and Performer.

18.     As a Door Host, Plaintiff earned a flat fee of $120. As a Server, Plaintiff earned $10 per hour plus tips. Plaintiff earned substantial tips as a Performer. On occasion, Plaintiff continued to cover manager shifts whenever coverage was needed.

19.     Plaintiff's duties as a Door Host included seating patrons and managing reservations. Plaintiff's duties as a Server included taking food orders and serving food to patrons. As a Performer, Plaintiff entertained patrons by presenting high energy shows in drag.[1]

20.     Throughout Plaintiff's employment with Defendants, his work performance met or exceeded Defendants' reasonable expectations. In fact, until Defendants' retaliatory actions, Plaintiff had never received any negative performance reviews.

21.     Despite employing over 45 people, Lips had no policies or procedures in effect regarding discrimination, harassment, retaliation, or reporting the same. Lips had no sexual harassment prevention policy and employees at Lips received no training concerning sexual harassment, as required by New York law.

22.     Although Defendants profit off the artistry of Lesbian, Gay, Bisexual, and Transgender ("LGBT") performers, they utterly failed to provide a work environment for LGBT employees, including Plaintiff, free of harassment based on sex/gender and sexual orientation.

23.     Throughout Plaintiff's employment, he observed and endured customers who, while hypersexualizing and stereotyping members of the LGBT community, engaged in inappropriate

---

[1] Drag is to dress up or present oneself differently than one's typical gender in a highly stylized way.

and aggressive sexual behavior towards LGBT employees.

24.    Despite this, Defendants failed to provide any security for its employees or enforce boundaries to protect them. In fact, physical security at Lips was completely lacking.

25.    After becoming a Door Host, Server, and Performer at Lips, Plaintiff informed Ariana Figueroa ("Figueroa"), Assistant Manager, of the need for security in the establishment.

26.    Upon information and belief, when Figueroa relayed that concern to General Manager, Charlie Brody ("Brody"), Brody stated that Lips would not spend money on security until a "major incident" occurred.

27.    As a Door Host, Server, and Performer, Plaintiff experienced an ongoing pattern of chronic and un-remediated sexual harassment and homophobia by patrons, including uninvited and unwelcome touching.

28.    Frequently, while working at the door in drag, patrons would grab Plaintiff's breasts and buttocks. The behavior made Plaintiff feel extremely uncomfortable and unsafe yet Lips afforded no physical protection of any kind.

29.    Patrons' behaviors eventually took its toll on Plaintiff and he began to dread going to work at Lips. He even began having nightmares about working there.

30.    On July 12, 2022, a table of 10 patrons came into Lips for dinner. They had arrived drunk and proceeded to laugh at and mock employees dressed in drag, particularly a transgender employee for her large breasts.

31.    The patrons blocked employees from circulating around the venue and grabbed their buttocks thereby impeding them from performing their jobs.

32.    When Plaintiff interacted with the table, the patrons mocked him and grabbed his buttocks causing Plaintiff to complain to Figueroa about their behavior.

33.    Figueroa approached the table and warned the patrons that, if their harassment continued,

they would be asked to leave. After the occupants of the table continued their harassing behavior, Figueroa approached the table again and asked the patrons to leave.

34.     After they refused, Figueroa appealed to Defendant LAFAYE for assistance in removing them. Defendant LAFAYE refused stating that "they have a lot of social media followers."

35.     Plaintiff was humiliated and disgusted to know that his employer would allow him and his coworkers to be harassed by customers due to the abusive customers' social media following.

36.     Defendants did not take any action to prevent further harassment. In fact, Defendant LAFAYE said that Plaintiff was overreacting.

37.     The following day, Brody pulled Plaintiff aside. Defendant LAFAYE had given Brody notes regarding things he did not like about Plaintiff's physical appearance, including when Plaintiff wore glasses, had tattoos visible, and wore a specific dress while working in drag.

38.     Before Plaintiff had complained about discriminatory and harassing treatment from customers, Defendant LAFAYE never made any complaints about Plaintiff's appearance. In fact, other employees were not reprimanded for wearing glasses, displaying tattoos, or wearing similar dresses while working in drag at Lips.

39.     On or about July 16, 2022, while Plaintiff was working at the front door of Lips, a customer approached and fully exposed one of her breasts to Plaintiff. Plaintiff immediately told her that she needed to cover her breast and then told Brody what had occurred. Although Plaintiff was left feeling uncomfortable by the customer's behavior, Brody took no action.

40.     Later that evening, while in Lips, Plaintiff observed from his peripheral vision the same woman flashing both her breasts at Plaintiff. When Plaintiff did not react, the patron tapped him on the shoulder. When Plaintiff turned to face her, the patron flashed her breasts at him once again. Plaintiff asked the patron to move away and promptly reported the incident to Brody.

41.     The following day, a two-star review ("July 17 Review") came in through Lips'

reservation system, OpenTable, which read as follows:

> We showed up early and the drag Queen that greeted us was very
> rude and almost made us not stay for the show. I was very upset
> about this. I think the show could have lasted longer.

The July 17 Review gave Lips low ratings for "Service" and "Value" and middling ratings for

"Food" and "Ambience."

42.     Upon information and belief, the woman who left the review was the same woman who

had flashed her breasts three times at Plaintiff the previous evening.

43.     On July 20, 2022, Plaintiff received a phone call from Brody, letting Plaintiff know that a

negative review had come in, referencing the July 17 Review. Brody said that the owners had

discussed it and decided to fire Plaintiff based on the review.

44.     Disheartened, Plaintiff asked to speak with the owners, Defendants LAFAYE and

ZSCHIESCHE, directly. Defendant ZSCHIESCHE later called Plaintiff to discuss the matter but

said the decision had already been made and there was not much they could do about it now.

45.     Upon information and belief, Lips received many poor reviews from patrons on platforms

like OpenTable, yet no employee had previously been fired due to a negative review.

46.     Upon information and belief, although a performer at Lips had been accused of ripping

out one patron's cochlear implant and breaking another patron's nose, that performer was never

fired and subsequently continued to work in the administrative office of Lips.

47.     Defendants fired Plaintiff in retaliation for his complaints of harassment from customers

and his requests that Defendants remedy the hostile work environment that such harassment

created.

48.     Lips is unique in that it is the only entertainment venue in New York City where a drag

performer can work and earn income on a full-time basis.

49.     Despite reasonable efforts, Plaintiff has been unable to find comparable employment.

50.     Defendants' actions and conduct were intentional and intended to harm Plaintiff.

51.     As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

52.     Additionally, as a result of Defendants' discriminatory and retaliatory treatment of Plaintiff, he has suffered pecuniary loss, severe emotional distress, and physical ailments.

53.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

54.     Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendants.

**FIRST CAUSE OF ACTION**
**AGAINST RESTAURANT**
*Sex and Sexual Orientation Discrimination in Violation of Title VII*

55.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     42 U.S.C. § 2000e-2(a)(1) states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.] (Emphasis added.)

57.     As described above, Defendants discriminated against Plaintiff on the basis of his sex and sexual orientation in violation of Title VII by, including but not limited to, creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based

on his sex and sexual orientation.

58.     As a result of the unlawful discriminatory conduct of Defendants in violation of Title VII,

Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress,

including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of

self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an

award of monetary damages and other relief.

59.     The unlawful discriminatory actions of Defendants constitute malicious, willful, and

wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**AGAINST RESTAURANT**
*Retaliation in Violation of Title VII*

60.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

61.     42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an

employer:

> [T]o . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice
> by this subchapter, or because he has made a charge, testified,
> assisted or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

62.     As described above, Plaintiff engaged in protected activities, including making internal

complaints regarding Defendants' discrimination based on Plaintiff's sex and sexual orientation.

63.     As described above, after Plaintiff engaged in activity protected by Title VII, Defendants

took adverse actions against Plaintiff by, *inter alia*, terminating him, that would dissuade a

reasonable employee from making or supporting a similar complaint of discrimination.

64.     As a result of the retaliatory conduct of Defendants in violation of Title VII, Plaintiff has

suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress,

including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

65.     The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS**
*Sex and Sexual Orientation Discrimination in Violation of the NYSHRL*

66.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.     Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, **sexual orientation**, gender identity or expression, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added.)

68.     As described above, Defendants discriminated against Plaintiff on the basis of his sex and sexual orientation in violation of NYSHRL by, including but not limited to, creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex and sexual orientation.

69.     As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

70.     As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

71.     Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
*Retaliation in Violation of the NYSHRL*

72.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

74.     As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendants' discrimination based on Plaintiff's sex and sexual orientation.

75.     As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, terminating him, that would dissuade a reasonable employee from making or supporting a similar complaint of

11

discrimination.

76.    As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has

suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress,

including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of

self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an

award of monetary damages, as well as past and future lost wages and benefits and other

compensatory damages, and other relief.

77.    Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANTS LAFAYE and ZSCHIESCHE**
*Aiding and Abetting in Violation of the NYSHRL*

78.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

79.    New York State Executive Law § 296(6) provides that "[i]t shall be an unlawful

discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any acts

forbidden under this article, or attempt to do so."

80.    Defendants LAFAYE and ZSCHIESCHE engaged in unlawful discriminatory practices in

violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling

and coercing the discriminatory and retaliatory conduct.

81.    As a result of Defendants' conduct in violation of the NYSHRL, Plaintiff has suffered,

and continues to suffer pecuniary losses, severe mental anguish and emotional distress,

including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of

self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an

award of monetary damages, as well as past and future lost wages and benefits and other

compensatory damages, and other relief.

82.     Defendants' unlawful actions constitute malicious, willful, and wanton violations of the

NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
*Gender and Sexual Orientation Discrimination in Violation of the NYCHRL*

83.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

84.      The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or
> an employee or agent thereof, because of the actual or perceived
> age, race, creed, color, national origin, **gender**, disability, marital
> status, partnership status, caregiver status, sexual and reproductive
> health decisions, **sexual orientation**, uniformed service, height,
> weight, or immigration or citizenship status of any person... to
> refuse to hire or employ or to bar or to discharge from employment
> such person or to discriminate against such person in compensation
> or in terms, conditions or privileges of employment.

85.     As described above, Defendants discriminated against Plaintiff on the basis of his gender

and sexual orientation in violation of the NYCHRL by, including but not limited to, denying him

the opportunity to work in an employment setting free of unlawful discrimination and

harassment.

86.     As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL,

Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award

of monetary damages and other relief.

87.     As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL,

Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including,

but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem

and self-confidence, and emotional pain and suffering, for which he is entitled to an award of

13

monetary damages and other relief.

88.    Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

**SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
*Retaliation in Violation of NYCHRL*

89.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.    The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice for an employer "to retaliate or discriminate in any manner against any person because such person has opposed any practices forbidden under this chapter…."

91.    As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendants' discrimination based on Plaintiff's gender and sexual orientation.

92.    As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, terminating him, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

93.    As a result of Defendants' retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an

award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

94.     Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

**EIGHTH CAUSE OF ACTION**
**AGAINST DEFENDANTS LAFAYE and ZSCHIESCHE**
*Aiding and Abetting in Violation of the NYCHRL*

95.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96.     The New York City Administrative Code § 8-107(6) provides that "[i]t shall be unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

97.     Defendants LAFAYE and ZSCHIESCHE engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

98.     As a result of Defendants' conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

99.     Defendants' unlawful actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or

conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

100.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff on the basis of his sex/gender and sexual orientation and retaliated against Plaintiff by, *inter alia*, terminating him for engaging in protected activity;

B.    Declaring preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.    Restraining Defendants from any retaliation against Plaintiff for participating in any form in this litigation;

D.    Awarding damages to Plaintiff for all damages resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

E.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

F.    Awarding Plaintiff punitive damages;

G.    Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action; and

H.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

Dated: Brooklyn, New York
       January 23, 2024

                                                      **DOLCE LAW PLLC**


                                                      _____
                                                      Wendy Dolce
                                                      44 Court Street
                                                      Suite 1217
                                                      Brooklyn, New York 11201
                                                      T: (718) 571-9162
                                                      F: (718) 571-9164
                                                      wendy@dolcelaw.com